UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-63-CEH-AEP

OSCAR JIMINEZ a/k/a
OMAR DEJESUS OSPINA-PEREZ
_____/

# ORDER

This matter comes before the Court on Defendant Oscar Jiminez's *pro se* Motion for Reduction of Sentence Pursuant to First Step Act of 2018 (Doc. 194). The Court does not need a response from the Government in order to rule on the motion. In the motion, Defendant seeks a reduction in his sentence to 15 years pursuant to the First Step Act. Upon careful consideration, the motion is due to be denied.

## DISCUSSION

On September 30, 2015, Defendant was sentenced to 240 months' incarceration and ten years of supervised release for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 150. By the instant motion, Defendant seeks a reduction in his sentence to 15 years (180 months) pursuant to the First Step Act of 2018 (Doc. 194), which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Doc. 195. The Federal Defender filed

a notice of appearance (Doc. 212). Thereafter, the U.S. Office of Probation submitted a memorandum finding retroactive application of the Fair Sentencing Act to be ineligible to Defendant because his offense was not a covered offense because it did not involve crack cocaine.

On February 4, 2020, the Government filed a motion for downward departure pursuant to Fed. R. Crim. P. 35(b) as to this Defendant. Doc. 200. The Government's motion was granted on August 13, 2020, after a hearing. Doc. 234. An Amended Judgment was entered on that date reflecting Defendant's revised sentence of 188 months of incarceration followed by 120 months' supervised release.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Defendant does not allege, and the record does not reflect, that his sentence was based on a conviction for crack cocaine. Additionally, his offense was not committed before August 3, 2010. Accordingly, § 404 does not provide Defendant relief. Defendant was sentenced for a March 4, 2015 offense of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, which is not a "covered offense" as defined by Section 404. The Court further notes that Defendant's sentence has already been reduced to 188 months pursuant to Fed. R. Crim. P. 35(b), and the Court is not inclined to exercise its discretion to reduce Defendant's sentence further.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Reduction of Sentence Pursuant to First Step Act of 2018 (Doc. 194) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Oscar Jiminez, *pro se*
Counsel of Record
Unrepresented Parties